J-S25040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE SCHMIDT | : | |
| | : | |
| Appellant | : | No. 260 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 20, 2021
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001090-2020

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: November 15, 2022**

Appellant, George Schmidt, appeals from the judgment of sentence[1] entered in the Washington County Court of Common Pleas, following his jury trial conviction for simple assault.[2] We affirm.

The relevant facts and procedural history of this case are as follows. On May 3, 2020, Appellant had an argument with James Brett. The two men did not know each other well prior to this incident; however, they lived in the same apartment building and Mr. Brett had once complained to the landlord about noise from Appellant's apartment. On the day of the incident, Mr. Brett

---

[1] The trial court originally imposed the judgment of sentence on October 6, 2021; however, it issued an amended sentence on October 20, 2021, correcting the subsection of simple assault under which Appellant was sentenced. We have amended the caption accordingly.

[2] 18 Pa.C.S.A. § 2701(a)(1).

was seated outside the building drinking beer with Wayne Reedy. As Appellant walked by the men on the way up the stairs to his apartment, Mr. Brett said something to him. When he reached the top of the stairs, Appellant called Mr. Brett a "fucking cocksucker and a faggot." (N.T. Trial, 7/13/21, at 60). Mr. Brett then followed Appellant up the stairs. When Mr. Brett reached the top of the stairs, Appellant kicked him in the chest, sending Mr. Brett falling down the stairs where he landed headfirst at the bottom. Mr. Reedy called 911, and Mr. Brett was transported to the hospital, where he was treated for fractures to several vertebrae.

The Commonwealth charged Appellant with both aggravated and simple assault. Appellant's trial took place on July 13–14, 2021, after which the jury found him not guilty of aggravated assault, but guilty of simple assault. On October 6, 2021, the court sentenced Appellant to one to two years of imprisonment. Appellant timely filed post-sentence motions on Monday, October 18, 2021, challenging the weight and sufficiency of the evidence. The court denied the post-sentence motions on January 31, 2022.[3] Appellant filed a timely notice of appeal on February 25, 2022. Pursuant to the court's order, Appellant filed a timely concise statement of errors complained of on appeal

---

[3] As previously mentioned, on October 20, 2021, the trial court issued an amended sentencing order. Because this amendment did not affect the sentence from which Appellant filed his post-sentence motion, the post-sentence motion tolled the appeal period and Appellant's notice of appeal was timely filed. **Commonwealth v. Wenzel**, 248 A.3d 540, 545 (Pa.Super. 2021), *appeal denied*, ____ Pa. ____, 264 A.3d 753 (2021).

per Pa.R.A.P. 1925(b) on March 18, 2022.

Appellant raises the following issues on appeal:

1. Whether the trial court erred in denying Appellant's Post-Sentence Motions for Vacating the Verdict and Motion for New Trial.

2. Whether the Commonwealth presented sufficient evidence, as a matter of law, to support the following counts:

   a. Count 2: Simple Assault (Misdemeanor of the Second Degree).

3. Does the Weight of the evidence require that the verdicts on said counts be reversed and stricken?

(Appellant's Brief at 5).

Preliminarily, we observe several deficiencies with Appellant's brief that have impacted our review. In his statement of questions presented, Appellant appears to challenge both the weight and the sufficiency of the evidence to support his conviction; however, his brief sets forth only the standard of review for a challenge to the sufficiency of the evidence. (*Id.* at 4). *See also* Pa.R.A.P. 2111(3). Furthermore, Appellant does not separate his argument into different sections for each issue raised, but rather combines his weight and sufficiency arguments, citing only one boilerplate case in support, and making no references to the certified record. (Appellant's Brief at 7-10). *See also* Pa.R.A.P. 2119 (a)-(c); *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super. 2013) (holding sufficiency claim was waived where appellant failed to specify which elements of crime he was challenging); *Commonwealth v.*

- 3 -

*Birdseye*, 637 A.2d 1036, 1039-40 (Pa.Super. 1994), *cert. denied*, 518 U.S. 1019, 116 S.Ct. 2552, 135 L.Ed.2d 1071 (1996) (holding that appellants "failed to distinguish between their sufficiency and weight of the evidence claims and presented no argument regarding the weight of the evidence, [and] we deem their weight of the evidence issue waived."). Based on these defects in Appellant's brief, we are compelled to conclude that Appellant has waived his claims on appeal.

Moreover, even if Appellant had not waived his claims, he would not be entitled to relief. In his brief, Appellant argues that because the jury found him not guilty of aggravated assault, the jury must have found the victim, Mr. Brett, incredible, such that there was insufficient evidence to support his guilt of simple assault. (Appellant's Brief at 7-10). We disagree.

"The standard we apply in reviewing sufficiency of the evidence is whether in viewing all the evidence admitted at trial in light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Garland, supra* at 344 (citation omitted). "The trier of fact while passing upon credibility of witnesses...is free to believe all, part or none of the evidence." *Id.* at 345 (citation omitted).

Here, the jury convicted Appellant of simple assault—causing bodily injury, which is defined as attempting to cause or intentionally, knowingly or recklessly causing bodily injury to another. 18 Pa.C.S.A. § 2701(a)(1). At

trial, the Commonwealth introduced evidence that Appellant and Mr. Brett had a verbal altercation, after which Appellant kicked Mr. Brett in the chest, causing him to fall down a flight of stairs and break several vertebrae in his neck. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence at trial was sufficient to establish that Appellant intentionally, knowingly or recklessly caused bodily injury to Mr. Brett. **Garland, supra**. Therefore, the evidence supports Appellant's simple assault conviction, and his challenge to the sufficiency of the evidence would not merit relief.

In addition, Appellant's challenge to the weight of the evidence would also not merit relief.[4] When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the...verdict if it is so contrary to the evidence as to shock one's sense of justice.

> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

---

[4] As discussed above in our waiver analysis, Appellant does not present a separate argument with respect to his weight of the evidence claim. (**See** Appellant's Brief at 7-10).

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).  A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Rivera*, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

Here, the trial court observed:

> Appellant's primary contention is essentially that the testimony of the victim was the sole basis for conviction. However, at trial, there was more than just testimony by the victim himself from which one could conclude that the crime took place, and the jury was entitled to make a credibility assessment of each witness.  There was testimony by eyewitnesses and medical personnel about the nature and extent of the victim's injuries, which served to corroborate the victim's own testimony about the incident. The victim did not accidentally fall down the stairs, nor was it a mere coincidence that the victim was injured after he attempted to confront Appellant.  Thus, the [c]ourt in its discretion determined that the verdict was not against the weight of the evidence.  The verdict does not shock the conscience or one's sense of justice.

(Trial Court Opinion, 4/11/22, at 7-8) (record citation omitted).  We see no reason to disrupt the court's analysis.  **See Champney, supra**.  Thus, even if Appellant had not waived his weight claim, it would have merited no relief.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/15/2022</u>